

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LANDON REYES, an individual; and ALEJANDRA ZAMBRANO, an individual, | Case No.: 2:26-cv-00395-APG-NJK |
| Plaintiffs, | **ORDER GRANTING STIPULATION TO STAY** |
| vs. | **DISCOVERY PENDING RESOLUTION OF SPECIAL MOTION TO DISMISS (FIRST REQUEST)** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of Clark County Nevada; UNDERSHERIFF ANDREW WALSH, an individual; LAS VEGAS POLICE PROTECTIVE ASSOCIATION; STEVEN GRAMMAS, an individual; SCOTT NICHOLAS, an individual; BRYAN YANT, an individual; DANIEL COYNE, an individual; JOHN ABEL, an individual; GREGORY STINNETT, an individual; and DOES I through X, inclusive, | |
| Defendants. | |

Plaintiffs, by and through their undersigned counsel of record, and Defendants, by and through their undersigned counsel of record hereby stipulate and agree as follows:

Page **1** of **5**

1.      On February 13, 2026, Plaintiffs filed their Complaint with Jury Demand in the above-captioned matter against the Defendants alleging various causes of action under 42 USC 1983, the Nevada Constitution, and Nevada common law.

2.      On March 10, 2026, Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Undersheriff Andrew Walsh (collectively, the "LVMPD Defendants") filed their Answer to Plaintiffs' Complaint. [ECF No. 9].

3.      On March 27, 2026, Defendants Las Vegas Police Protective Association ("LVPPA"), Steven Grammas, Scott Nicholas, Bryan Yant, Daniel Coyne, John Abel, and Gregory Stinnett (collectively, the "LVPPA Defendants") filed their Special Motion to Dismiss Complaint Pursuant to NRS 41.635 et seq. (Anti-SLAPP) and FRCP 12(b)(6) (the "Special Motion to Dismiss"). [ECF No. 12].

4.      The LVPPA Defendants' Special Motion to Dismiss challenges all causes of action asserted against them by Plaintiffs under NRS 41.660(3) and, in the alternative, under FRCP 12(b)(6).

5.      On April 17, 2026, Plaintiffs filed their Response to the Special Motion to Dismiss. [ECF No 16].

6.      The LVPPA Defendants' Reply in Support of their Special Motion to Dismiss is presently due on April 24, 2026.[1]

**Stay of Discovery for LVPPA Defendants:**

7.      NRS 41.660(3)(e) states that "If a special motion to dismiss is filed pursuant to [NRS 41.660(2) the court shall . . . [e]xcept as otherwise provided in subsection 4, stay discovery pending: (1) A ruling by the court on the motion; and  (2) The disposition of any appeal from the ruling on the motion."

8.      NRS 41.660(4) provides that "[u]pon a showing by a party that information necessary to meet or oppose the burden pursuant to paragraph (b) of subsection 3 is in the possession of another

---

[1] A Stipulation and Order to Extend Time for the LVPPA Defendants to file their Reply in Support of the Special Motion to Dismiss was submitted on April 23, 2026, seeking an extension to May 1, 2026.

party or a third party and is not reasonably available without discovery, the court shall allow limited discovery for the purpose of ascertaining such information."

9. On April 17, 2026, Plaintiffs filed a Countermotion for Limited Discovery under NRS 41.660(4). The LVPPA Defendants intend to oppose this Countermotion as they contend limited discovery under NRS 41.660(4) is not necessary to decide the Special Motion to Dismiss. The opposition to Plaintiffs' Countermotion is presently due on or before May 1, 2026.

10. The parties hereby stipulate that pursuant to NRS 41.660(e)(3), discovery should be stayed with respect to the LVPPA Defendants until the Court issues a ruling on their Special Motion to Dismiss and, if applicable, until the disposition of any appeal from the ruling on the Special Motion to Dismiss.

11. The parties further stipulate that the issue of whether any limited discovery should be permitted pursuant to NRS 41.660(4) is outside the scope of this Stipulation and should be determined by the Court based on the parties' briefing on Plaintiffs' Countermotion. Except for any limited discovery expressly authorized by the Court pursuant to NRS 41.660(4), all discovery with respect to the LVPPA Defendants shall remain stayed in accordance with NRS 41.660(3)(e).

**Stay of Discovery for Plaintiffs and LVMPD Defendants:**

12. Outside of the mandatory stay provisions of NRS 41.660(3)(e), "[t]he decision of whether to stay discovery is entrusted to the 'wide discretion' of the district court." *Flynn v. Nevada*, 345 F.R.D. 338, 343 (D. Nev. 2024).

13. Under Fed. R. Civ. P. 26(c)(1)(a), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... forbidding the disclosure or discovery."

14. "Rather than bald assertions of undue burden or expense, 'some extraordinary justification must be shown to satisfy the good cause requirement of Fed. R. Civ. P. 26(c).'" *Flynn* 345 F.R.D. at 344 (quoting *Twin City Fire Ins. Co. v. Employers Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)).

15. The parties recognize that a stay of discovery is typically only granted by this Court when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the

potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the underlying motion and is convinced that Plaintiffs will be unable to state a claim for relief. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

16.    However, the parties posit that good cause exists here to extend the stay of discovery to all parties. Although the Special Motion to Dismiss pertains only to the claims asserted against the LVPPA Defendants, the claims in this action are intertwined in that, inter alia, Plaintiffs assert a cause of action for civil conspiracy against both the LVPPA Defendants and the LVMPD Defendants, the claims arise from a common nucleus of operative facts, and the relevant witnesses and evidence are likely to substantially overlap.

17.    Absent a stay, the parties would be forced to conduct discovery on two separate tracks, proceeding against the LVMPD Defendants while discovery remains stayed as to the LVPPA Defendants, which would create significant inefficiencies. For example, depositions would likely need to proceed in stages, requiring witnesses to be recalled or re-deposed once the stay is lifted. Expert discovery may also be disrupted, as expert disclosures may either have to be prepared on an incomplete factual record or later supplemented, potentially requiring revisions to reports and re-opening of expert depositions. This staggered approach would complicate the sequencing of discovery, create inefficiencies in scheduling, raise the cost of litigation and increase the likelihood of disputes regarding the proper scope and timing of discovery on overlapping claims and issues.

18.    A stay of discovery as to all parties pending resolution of the Special Motion to Dismiss will promote judicial economy and conserve the resources of the parties and the Court by avoiding unnecessary and duplicative discovery and will prevent the undue burden and expense that would otherwise result from proceeding on bifurcated discovery tracks.

/ / /

/ / /

/ / /

/ / /

/ / /

19.     Accordingly, the Parties stipulate and agree that all discovery in this action should be stayed pending the Court's resolution of the LVPPA Defendants' Special Motion to Dismiss.

DATED this 24th day of April 2026.

**CLARK HILL, PLC**                                          **HUTCHISON & STEFFEN, PLLC**


By */s/ Paola Armeni*                                     By */s/ Christopher J. Lalli*
Paola M. Armeni, Esq.                                    Mark A. Hutchison, Esq.
Nevada Bar No. 8357                                      Nevada Bar No. 4639
William D. Schuller, Esq.                                Christopher J. Lalli, Esq.
Nevada Bar No. 11271                                     Nevada Bar No. 5398
1700 S. Pavilion Center Drive, Suite 500                 10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89135                                  Las Vegas, Nevada 89145
*Attorneys for Plaintiffs*                               *Attorneys for Las Vegas Metropolitan Police*
                                                         *Department and Undersheriff Andrew Walsh*

**SGRO ROGER**


By */s/ Alanna Bondy* ___
Alanna Bondy, Esq.
Nevada Bar No. 14830
2901 El Camino Avenue, Suite 204
Las Vegas, Nevada 89104
*Attorney For Las Vegas Police Protective Association, Steven Grammas, Scott Nicholas, Bryan Yant, Daniel Coyne, John Able and Gregory Stinnett*


                    **IT IS SO ORDERED.**
                    Dated: April 27, 2026


                    _____
                    UNITED STATES MAGISTRATE JUDGE